Filed 8/31/22 Certified for Publication 9/28/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ROBERT ANTHONY<br>LASTRA, JR., et al.,<br><br>    Defendants and Respondents. | 2d Crim. No. B309895<br>(Cons. w/ B311783)<br>(Super. Ct. Nos. 20F-06361 A-C,<br>20M-05512 A-D)<br>(San Luis Obispo County) |

THE COURT:

    Respondents are college students who face criminal charges for marching through the City of San Luis Obispo following the murder of George Floyd, Jr. in 2020.  The trial court granted their motion to recuse District Attorney Dan Dow's office from the case because of Dow's well-publicized association with critics

of the Black Lives Matter movement.  (Penal Code, § 1424.)[1]  The District Attorney and Attorney General appeal.

As the trial court stated:  "[N]o defendant is entitled to a prosecutor to which they are politically or socially or ideologically aligned."  "The men and woman charged here," however, "are entitled to a prosecution not clouded by political or personal advantage to the prosecutor."  Substantial evidence supported the trial court's determination that Dow and his office were not likely to treat respondents fairly.  We affirm the order granting respondents' motion to recuse.

FACTUAL AND PROCEDURAL BACKGROUND

Respondents are defendants in two pending criminal cases arising from a protest march that wound through the surface streets of the City of San Luis Obispo and onto Highway 101 on July 21, 2020.  The protest was one of several such events organized by local college students in the wake of George Floyd, Jr.'s death at the hands of Minneapolis police officers earlier that year.  The 300-strong group provoked a range of reactions from those they encountered.  Some cheered the marchers and their cause while others antagonized and vilified them; some complained about the blocked traffic.  Images of marchers surrounding cars on Highway 101 appeared in national media outlets.  Serious injury was narrowly avoided on at least two occasions when motorists attempted to drive around them.

Prosecutors describe Tianna Arata Wentworth (Arata) as the marchers' de facto leader.  She faced 13 misdemeanor counts of false imprisonment, obstruction of a thoroughfare, unlawful

---

[1] All statutory references are to the Penal Code, unless otherwise noted.

assembly, and disturbing the peace.[2]  Arata was the only person charged until the District Attorney filed an amended complaint charging respondents Marcus Montgomery and Joshua Powell with obstructing police officers and respondent Amman Asfaw with false imprisonment.[3]  A separate complaint charged respondent Jerad Hill with misdemeanor vandalism, respondent Samuel Grocott with misdemeanor false imprisonment, and respondent Robert Lastra, Jr. with felony vandalism for breaking a car window as it drove through the crowd of protestors on Highway 101.[4]

Arata moved to disqualify the entire District Attorney's Office from prosecuting her case.  (§ 1424.)  All respondents joined the motion, which described District Attorney Dow as "aligned with right-wing conservative political organizations and fundamentalist religious groups that seek to vilify the Black Lives Matter [BLM] movement."  They argued Dow's antipathy toward BLM-inspired protests slanted his office's investigation and motivated him to file charges against Arata and her co-defendants.  The trial court granted the motion and directed the

---

[2] *People v. Arata* (Super. Ct. San Luis Obispo County, 2020, No. 20M-05512).

[3] *People v. Arata* (Super. Ct. San Luis Obispo County, 2020, No. 20M-05512-A), *People v. Montgomery* (Super. Ct. San Luis Obispo County, 2020, No. 20M-05512-B), *People v. Asfaw* (Super. Ct. San Luis Obispo County, 2020 ,No. 20M-05512-C), and *People v. Powell* (Super. Ct. San Luis Obispo County, 2020, No. 20M-05512-D).

[4] *People v. Lastra, et al.* (Super. Ct. San Luis Obispo County, 2020, No. 20F-06361).

Attorney General to represent the People going forward.[5]  The District Attorney and Attorney General appeal.  We consolidated respondents' appeals for all purposes.[6]

## DISCUSSION

Section 1424 "sets forth the procedure for a defendant to seek an order . . . recusing a member of the district attorney's office, or the office as a whole, for a conflict of interest."  (*People v. Griffin* (2004) 33 Cal.4th 536, 569.)  The procedure "constitutes a statutorily authorized judicial interference with the executive branch's constitutional role to enforce the law."  (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 374.)  The trial court may not grant a motion to recuse "unless the evidence shows that a conflict of interest exists that would render it unlikely that the defendant would receive a fair trial."  (Penal Code, § 1424, subd. (a)(1).)  A conflict exists "whenever the circumstances of a case evidence a reasonable possibility that the DA's office may not exercise its discretionary function in an evenhanded manner."  (*People v. Conner* (1983) 34 Cal.3d 141, 148.)

"[S]ection 1424 has been interpreted as providing a two-part test for disqualification.  First, the court must determine whether there is a conflict of interest.  Second, the court must

---

[5] The trial court also granted Arata's motion to compel discovery from prosecutors relating to alleged discriminatory enforcement of the law.  (See *Murgia v. Municipal Court* (1975) 15 Cal.3d 286, 300 ["a criminal defendant may object . . . to the maintenance of the prosecution on the ground of deliberate invidious discrimination in the enforcement of the law"].)

[6] The Appellate Division of the San Luis Obispo County Superior Court certified transfer of the misdemeanor cases to this court.  We granted transfer.  (Cal. Rules of Court, rules 8.1002(1), 8.1005, 8.1008(a)(1)(A).)

4

determine whether the conflict is so severe as to disqualify the district attorney from acting." (*Spaccia v. Superior Court* (2012) 209 Cal.App.4th 93, 106.) We review the trial court's findings of fact for substantial evidence and its conclusions of law de novo. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712 (*Haraguchi*).) We reverse its application of law to the facts "only if arbitrary and capricious."

The trial court described the following evidence introduced by Arata as the basis of its ruling on the motion:

- "August 11, 2020 – Mr. Dow appeared on Washington Watch with Tony Perkins. Mr. Perkins of the Family Research Council has described the Black Lives Matter movement as a 'Marxist' group who promote 'cop killings, prostitution, anti-Semitism, anarchy, and the suppression of speech and religion.'"

- "September 4, 2020 – Mr. Dow explained his charging decision in the 'PRotect Paso' Facebook group. Documents attached showed animosity to the Black Lives Matter group – their Constitutional right. These claim that the BLM movement is 'domestic terrorism;' 'down right evil, no brains or souls,' and posted pictures of a BLM billboard burning in flames. Members of the group have discussed their skills as hunters and claim they will use these skills to protect Dan Dow, and 'protect our own.' (Ex K- Defense Motion)."

- "September 4, 2020 – Mr. and Mrs. Dow sent out a campaign fundraising request via email on his birthday. This email sought financial campaign contributions and stated, 'Dan needs to know more than ever that you support him, and he really needs

5

your financial support so he can keep leading the fight in SLO County against the wacky defund the police movement and anarchist groups that are trying to undermine the rule of law and public safety in our community.' (EX L - Defense Motion.) 'We had planned his kickoff re-election campaign fundraiser to be this month, but due to COVID and all the crazy protest activity, we were not able to pull it off.' The fundraiser continues, 'You can send Dan a Happy Birthday message in the comments section when you make a generous financial contribution TODAY to his campaign for reelection.' 'Your support will help to ensure that Dan will continue in spite of the 'defund police' and George Soros type of opposition happening against DA's all over the state and nation.' The exhibit shows that this was 'Paid for by Dan Dow for District Attorney 2022 FPPC ID #1361413.'"

- "October 11, 2020 Mr. Dow appears alongside Candace Owens and spoke at a fundraiser for the 'New California,' a secessionist organization. At the event, Ms. Owens called BLM 'one of the most racist movements that ever existed in this country.' When questioned, Mr. Dow wrote a letter to the Tribune advising, 'Candace Owens is a bright and intelligent, fearless woman and a role model for young women everywhere.' Mr. Dow has been quoted as stating that 'She speaks the truth.'"[7]

---

[7] The trial court likewise referred to evidence it did *not* consider:  "Despite the allegations contained in the motions, including a letter from one alleged victim's attorney, the Court is not considering the allegations against District Attorney

6

Appellants describe this evidence as a "patchwork of unreliable hearsay" that failed to support Arata's evidentiary burden under section 1424.[8]  They contend the trial court erred when it relied on newspaper stories, emails, and other out-of-court statements lacking authentication by affidavit or live testimony.  Even if properly admitted, they argue, the evidence showed at most the *appearance* of a conflict.  This fell short of proving respondents were "unlikely" to receive a fair trial.  (See *Haraguchi*, *supra*, 43 Cal.4th at p. 719, italics omitted ["Only an actual likelihood of unfair treatment, not a subjective perception of impropriety, can warrant a court's taking the significant step of recusing an individual prosecutor or prosecutor's office"].)

The trial court's comments and citations to the record readily dispose of these points.  It acknowledged prosecutors' objections to the admissibility and authenticity of the motion and exhibits.  Defense counsel offered to authenticate the exhibits by way of live testimony from his co-counsel (who prepared the attorney affidavit required by section 1424), from the reporters who wrote the news stories, or from the District Attorney himself.  The trial court found this was not necessary because the statements attributed to Dow and his appearances with anti-

Investigator L'Heureux as no admissible evidence was offered to the Court for consideration. The Court is also not considering the 'letter from Heidi Harman' (EX P) nor the Tribune editorial (EX A).  These are opinion pieces, not from expert witnesses and have no evidentiary value for the Court."

[8] Section 1424, subdivision (a)(1) states in pertinent part: "The notice of motion shall contain a statement of the facts setting forth the grounds for the claimed disqualification and the legal authorities relied upon by the moving party and shall be supported by affidavits of witnesses who are competent to testify to the facts set forth in the affidavit."

BLM commentators were not in dispute. The author of the fundraising email (Dow's wife, Wendy) and the email's contents were likewise not in dispute. The court observed the email was sent from a campaign address well known among those in San Luis Obispo's small legal community and bore the Dow campaign's name and FPPC number. It was not necessary to formally authenticate the exhibits at an evidentiary hearing under these circumstances. (See § 1424, subd. (a)(1) ["The judge shall review the affidavits and determine whether or not an evidentiary hearing is necessary"]; see also Evid. Code, § 452, subd. (g) [court may take judicial notice of "[f]acts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute"].)

Appellant's substantive challenge to the trial court's finding that respondents were "unlikely to receive a fair trial" is equally unavailing. "In each case, the trial court must consider the entire complex of facts surrounding the conflict to determine whether the conflict makes fair and impartial treatment of the defendant unlikely." (*People v. Eubanks* (1996) 14 Cal.4th 580, 599.) We are confident it did so here. The trial court was careful to consider the District Attorney's statements in context with the contemporaneous prosecutorial decisions. He filed misdemeanor charges against respondent Arata on September 4; the same day, he explained his decision in a lengthy post on a conservative Facebook page called PRotect Paso. Dow prefaced the post by recognizing there was "a group of people who were upset" he did not charge Arata with felonies. This was also the same day Wendy Dow urged prospective donors to help her husband "keep leading the fight against the wacky defund the police movement and anarchist groups that are trying to undermine the rule of law and public safety." The court's finding that a targeted

8

fundraising appeal of this nature created a conflict of interest is neither arbitrary nor capricious, as appellants contend, but a deliberate and logical application of section 1424 to the facts.

We emphasize the District Attorney did not cede his rights to freedom of speech and association when he entered public office. "[T]hat a public prosecutor might feel unusually strongly about a particular prosecution or, inversely, might hesitate to commit to a prosecution for personal or political reasons does not inevitably indicate an actual conflict of interest, much less a constitutional bar to prosecution." (*People v. Vasquez* (2006) 39 Cal.4th 47, 63.) His exercising of these rights, however, cannot deprive those he prosecutes of their own right to a fundamentally fair trial. Our trial courts are best positioned to determine when this is likely to occur. (See *Haraguchi*, *supra*, 43 Cal.4th at p. 713 ["trial courts are in a better position than appellate courts to assess witness credibility, make findings of fact, and evaluate the consequences of a potential conflict in light of the entirety of a case, a case they inevitably will be more familiar with than the appellate courts that may subsequently encounter the case"].) This case is no exception. We decline to substitute our judgment for that of a trial court familiar with the social, legal, and political dynamics of San Luis Obispo County. (See *Millsap v. Superior Court* (1999) 70 Cal.App.4th 196, 203 ["The trial judge who had presided over the case, and who was familiar with the parties and their counsel, found no basis for recusal"].)

# DISPOSITION

The order granting Arata's motion to recuse is affirmed.[9]


THE COURT:

_____

GILBERT, P.J.          YEGAN, J.          *PERREN, J.

---

[9] We grant appellant Attorney General's motion to augment the record filed June 3, 2021 and supplemental motion to augment filed August 12, 2021.  We also grant respondents' motion to augment filed June 11, 2021.
    *Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

Matthew G. Guerrero, Judge
Superior Court County of San Luis Obispo

_____

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, William N. Frank and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Appellant.

Dan Dow, District Attorney, Eric Dobroth, Assistant District Attorney, and Delaney Henretty, Deputy District Attorney, for Plaintiff and Appellant.

Bryan A. Ford, for Respondent Robert A. Lastra, Jr.

Patrick L. Fisher and Curtis L. Briggs, for Respondent Tianna I. Arata Wentworth.

Earl E. Conaway, III for Respondent Amman F. Asfaw.

Vincent Barrientos for Respondent Samuel J. Grocott.

Tyler R. Smith for Respondent Jerad D. Hill.

Tardiff & Saldo Law Offices, Dustin M. Tardiff, for Respondent Marcus L. Montgomery.

Steven D. Rice for Respondent Joshua Powell.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>ROBERT ANTHONY LASTRA, JR., et al.,<br><br>   Defendants and Respondents. | 2d Crim. No. B309895<br>(Cons. w/ B311783)<br>(Super. Ct. Nos. 20F-06361 A-C, 20M-05512 A-D)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION, DENYING PETITIONS FOR REHEARING, AND CERTIFYING OPINION FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion in the above-titled matter filed on August 31, 2022, be modified as follows:

On page 7, second paragraph, the words "attorney affidavit required by section 1424" are deleted and the words "motion's supporting affidavit" are inserted in their place.

There is no change in the judgment. The petitions for rehearing filed on September 15, 2022, are denied.

The opinion filed on August 31, 2022, was not certified for publication in the Official Reports. For good cause it now appears

the opinion should be published in the Official Reports.  It is so ordered.

GILBERT, P.J.          YEGAN, J.          PERREN, J.*

_____